## JOHN H. NUTTING vs. ASA DICKINSON.

An action may be maintained upon an oral promise to pay for land, at a certain sum by the acre, after the delivery and acceptance of a deed thereof.

If persons who are negotiating together for the purchase and sale of land orally agree to leave the price to be determined by arbitrators, who fix a sum in gross, and the parties afterwards agree to ascertain and abide by the estimate of the arbitrators by the acre, and a deed is accordingly executed, delivered and accepted, with the understanding by both parties that the price is to depend on the estimate of the arbitrators by the acre, and the purchaser pays a sum which he asserts is all that the land comes to, by the appraisement, but which the vendor says is not sufficient, the latter may maintain an action to recover such sum as shall be found, upon a measurement of the land, to be due by the appraisement.

CONTRACT to recover $225 and interest, being the difference between the sum of $2175 paid by the defendant to the plaintiff upon the delivery of a deed of a farm, and the sum of $2400, at which the plaintiff alleged the land had been appraised by arbitrators. Answer, 1st, the statute of frauds; 2d, that the parties after the appraisement, and without reference to it, agreed for the sale and purchase of the farm at the price of $2175, which had been paid and received in full compensation and satisfaction.

At the trial in the superior court, before *Rockwell*, J., the plaintiff was a witness; and the material part of his testimony was as follows: In October 1862 the plaintiff and defendant agreed that the defendant should take the farm at the appraisement of three arbitrators mutually agreed upon, and went upon the land with them, and the arbitrators, after deliberation, appraised the farm at $2400, and so informed the parties. Before a deed was made, the defendant sent word to the plaintiff that he should not take it at that price, because there was not so much land as was appraised. They met, and the plaintiff told the defendant that he should have it at the appraisement, and, if it was appraised at so much by the acre, he should have it at that. The defendant said it was appraised by the acre. The plaintiff did not know it. The parties got a surveyor to survey the land, and after he had surveyed it, but before he had made

his computations, the defendant said he would take it at the appraisement by the acre, and the parties went to one of the appraisers to find out whether it was appraised by the acre or not. The appraiser said they called the buildings $400, the home lot twelve acres at $100 an acre, and the rest of the farm one hundred acres at $8 an acre, making $2400 in all. On the computation of the surveyor it was ascertained that the home lot contained more than thirteen acres, and the rest of the farm somewhat more than ninety-one acres, and the price of the whole would a little exceed $2400, and the plaintiff in the defendant's absence directed the surveyor, for the purpose of satisfying the defendant and closing up the matter, to estimate the excess of the good land over twelve acres as part of the poorer land. According to this estimate, the price of the whole farm would be $2339, and this was named as the consideration in a deed drawn by the surveyor and executed by the plaintiff; but there never was any conversation between the plaintiff and the defendant about the sum named in the deed. The defendant went to the surveyor and got the deed, and afterwards came to the plaintiff's house, and paid him $2175, which he said was according to the appraisement. The plaintiff said it was not all that the farm came to by the appraisement. The defendant said it was. The plaintiff replied that it was not, and that he should attend to it after his family got well; and soon after wrote to the defendant, and received no answer; and the defendant afterwards refused to do anything more about it.

The judge, at the defendant's motion, ruled that upon this evidence the action could not be maintained, and directed a verdict for the defendant, which was returned accordingly. The plaintiff alleged exceptions.

*S. T. Spaulding*, for the plaintiff.

*I. F. Conkey*, for the defendant.

GRAY, J. The plaintiff testified that after the farm had been appraised by arbitrators mutually chosen, and the defendant had once refused to pay the appraised value, and the parties had caused a survey to be made to ascertain the number of acres, but before the result of that survey was known, the defendant

said he would take the farm at the appraisement; that the amount of the appraisement was ascertained by inquiry of one of the appraisers to have been $2400; and that the less sum of $2339, named as a consideration in the deed, was inserted by himself and the surveyor without any conversation with the defendant upon the subject.

The plaintiff's testimony, if believed by the jury, would well have warranted them in finding that the defendant agreed with the plaintiff to take the farm at the appraisement of $2400, and under that agreement accepted the deed ; that the parties never afterwards agreed upon any different price; and that the sum of $2175 paid by the defendant was not accepted by the plaintiff as a satisfaction.

The plaintiff's agreement to convey the farm, if it had not been executed by the conveyance, would have been within the statute of frauds, and could not have been enforced against him. But the defendant's promise to pay the price of the farm conveyed to him is not within the statute. *Wilkinson* v. *Scott,* 17 Mass. 258. *Preble* v. *Baldwin,* 6 Cush. 552, and cases cited. The case should therefore have been submitted to the jury.

The plaintiff will consider whether it may not be well for him, before again proceeding to trial, to move in the superior court for leave to file an additional count to his declaration, in a form to sustain his action in case the jury should be of opinion that the minds of both parties did meet and agree on the price of $2339. *Exceptions sustained.*